**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Ralph Martin, Appellant.

Appellate Case No. 2015-000311

_____

Appeal From Dorchester County
Maité Murphy, Circuit Court Judge

_____

Unpublished Opinion No. 2017-UP-071
Submitted December 1, 2016 – Filed February 8, 2017

_____

**AFFIRMED**

_____

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jennifer Ellis Roberts, both of Columbia; and Solicitor David Michael Pascoe, Jr., of Orangeburg, for Respondent.

_____

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Carmack*, 388 S.C. 190, 201, 694 S.E.2d 224, 229 (Ct. App. 2010) ("A decision to admit extrinsic evidence of a prior inconsistent statement

will not be reversed absent a manifest abuse of discretion that prejudiced the appellant."); Rule 613(b), SCRE ("Extrinsic evidence of a prior inconsistent statement by a witness is not admissible unless the witness is advised of the substance of the statement, the time and place it was allegedly made, and the person to whom it was made, and is given the opportunity to explain or deny the statement. If a witness does not admit that he has made the prior inconsistent statement, extrinsic evidence of such statement is admissible."); *State v. Blalock*, 357 S.C. 74, 80, 591 S.E.2d 632, 636 (Ct. App. 2003) ("Generally, where the witness has responded with anything less than an unequivocal admission, trial courts have been granted wide latitude to allow extrinsic evidence proving the statement."); *id.* ("[A] witness's failure to fully recall her prior statement has been found to be a sufficient denial to allow extrinsic evidence.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.